UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-652-RJC-DSC

| | |
|---|---|
| SHARAL MCDOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court upon the Magistrate Judge's filing of a Memorandum and Recommendation, (Doc. No. 18), recommending that the Court grant Defendant Michael J. Astrue's ("Defendant"or "Commissioner") Motion for Summary Judgment, (Doc. No. 16), and deny Plaintiff Sharal McDowell's ("Plaintiff") Motion for Summary Judgment, (Doc. No. 13). Plaintiff filed objections to the Magistrate Judge's M&R, (Doc. No. 19).

**I.    BACKGROUND**

The Plaintiff filed the present action on December 23, 2011 to appeal the Commissioner's denial of her social security claim. (Doc. No. 1). The Magistrate Judge recommended granting the Commissioner's Motion for Summary Judgment on August 2, 2012. (Doc. No. 18). Plaintiff objected to the Magistrate Judge's recommendation as to: (1) the ALJ's alleged failure to consider evidence of a decision by another government agency (Medicaid) pursuant to 20 C.F.R. § 404.1512(b)(5) and Social Security Ruling ("SSR") 06-03p; (2) the ALJ's decision to give less than controlling weight to the opinion of Plaintiff's treating physician, Dr. Alireza Nami; (3) the ALJ's consideration of Plaintiff's use of a walking cane; (4)

his consideration of Plaintiff's obesity; and (5) the ALJ's consideration of Plaintiff's credibility. (Doc. No. 19). The Court adopts the Magistrate Judge's discussion of the background in this case. See (Doc. No. 18 at 1-3).

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d

2

1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. ANALYSIS

The Magistrate Judge found no error in the ALJ's handling of Plaintiff's case. (Doc. No. 18). Plaintiff objects to all of the Magistrate Judge's findings. (Doc. No. 19). Thus, the Court reviews the Magistrate Judge's M&R de novo and looks directly to the ALJ's decision.

#### A. Medicaid Decision

Plaintiff argues that the ALJ erred in failing to consider an alleged Medicaid decision that she was disabled. (Doc. No. 19 at 3). As Plaintiff points out, ALJs are required to consider decisions by other governmental agencies about whether an individual is disabled. SSR 06-3p; 20 C.F.R. § 404.1512(b)(5). But Plaintiff omits the introduction to her quote from Social Security Ruling 06-3p. The ruling promises that the ALJ will consider "all the available evidence in the individual's case record." The ruling then continues by stating that "[t]his includes . . . decisions by other governmental agencies." SSR 06-3p. Likewise 20 C.F.R. §

3

404.1512 begins "you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) . . . Evidence is anything you or anyone else submits to us or that we obtain that relates to your claim. This includes, but is not limited to . . . Decisions by any governmental or nongovernmental agency about whether you are disabled or blind." 20 C.F.R. § 404.1512.

The record before the ALJ did not contain a finding of disability by any other governmental agency. Plaintiff points the Court to a "North Carolina Division of Medical Assistance (DMA), Independent Assessment for Personal Care Services." (Doc. No. 9-15 at 37-56). This document does not contain any disability finding or decision. (Id.). Defendant points to two mentions of Medicaid in Plaintiff's treatment notes. (Doc. No. 20 at 3) (citing Doc. No. 9-14 at 68, 70) ("She is living section 8 housing, receives Medicaid and food stamps and is waiting to obtain Disability . . . She receives Medicaid, food stamps, Section 8 housing and has a pending disability requests [sic]."). These fleeting references do not contain a Medicaid disability finding and appear to reference the instant disability inquiry before Social Security. Courts have held that evidence that someone receives Medicaid benefits is not evidence of a disability determination. Buckner v. Astrue, 646 F.3d 549, 559 n.8 (8th Cir. 2011) (The ALJ also did not err by failing to address the fact that [the plaintiff] may have received Medicaid benefits at one time because this evidence, standing alone, does not indicate whether another agency found [the plaintiff] disabled"); Lafferty v. Astrue, 559 F. Supp. 2d 993, 1010 (W.D. Mo. 2008) (evidence of Medicaid card insufficient).

Because there is no evidence of a decision by other governmental agencies about whether Plaintiff is disabled, the ALJ did not err in failing to discuss one.

4

Case 3:11-cv-00652-RJC-DSC   Document 21   Filed 09/28/12   Page 4 of 8

B.  Doctor Nami

Next, Plaintiff contends that the ALJ improperly weighed the opinions of Plaintiff's treating physician, Dr. Alirez Nami. (Doc. No. 14 at 13). The ALJ noted that "Dr. Nami opined that the claimant could sit, stand and walk less than eight hours in an eight-hour workday," but gave Dr. Nami's opinion less weight because it was "not consistent with the totality of the objective evidence of record and is not supported by his treatment notes." (Doc. No. 9-2 at 29). Earlier in his decision, the ALJ noted that Dr. Nami's treatment notes found that Plaintiff's "upper extremity strength was 5/5 with no neurologic deficits. Lateral bending, extension and flexion of the claimant's elbow and wrists were normal . . . The claimant had full range of motion of her hips without pain and ambulated without a noticeable limp." (Id. at 25).

Plaintiff faults the ALJ's discussion because he did not give controlling or "great" weight to Dr. Nami's opinion and because he did not set out a factor-by-factor discussion of the factors which 20 C.F.R. § 416.927(d)(2) requires him to consider in analyzing what type of weight to give a treating physician's opinion. (Doc. No. 14 at 13-14). The ALJ was not required to give controlling or great weight to Dr. Nami's opinion where it was inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). He was also not required to explicitly discuss each factor in his decision. Warren v. Astrue, No. 5:08-cv-149, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Instead, the "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p, 1996 WL 374188, at *5 (July 2, 1996). The ALJ met this burden by clearly stating that he gave Dr. Nami's opinion "less weight" because it was "not

5

consistent with the totality of the objective evidence of record and is not supported by his treatment notes." (Doc. No. 9-2 at 29). Moreover, The ALJ noted several inconsistencies between Dr. Nami's opinion and her treatment notes. (Id. at 25); see also Smith v. Astrue, No. 1:09-cv-471, 2011 WL 5326844, at *10 (W.D.N.C. Nov. 4, 2011) (Reidinger, J.). As the Commissioner notes, the record was replete with positive treatment notes from Dr. Nami about Plaintiff's mobility despite his later pessimistic opinion. (Doc. No. 17 at 10) (citing 59 pages of such references).

The ALJ did not err in failing to give Dr. Nami's opinion anything other than "less weight." (Doc. No. 9-2 at 29).

C.  Cane

Plaintiff argues that the ALJ's determination that "she can perform the exertional demands of light work cannot be sustained." (Doc. No. 14 at 16). Plaintiff contends that light work would be impossible given her use of a cane. (Id.). Plaintiff cites Social Security Ruling 96-9p for the proposition that her use of a cane precludes a light work capacity. (Id.). Social Security Ruling 96-9p requires the ALJ's Residual Functioning Capacity assessment to "include a narrative that shows the presence and degree of any specific limitations and restrictions, as well as an explanation of how the evidence in file was considered in the assessment." The ruling includes a "medically required hand-held assistive device" as such a limitation. Id. While there is no evidence that any physician prescribed Plaintiff's use of a cane, there are several acknowledgments by a physician that she is using a cane. See, e.g. (Doc. No. 9-11 at 33, 39, 41, 58). These references are insufficient to show that her cane was medically necessary given the voluminous medical notations finding her mobility normal. Moreover, the ALJ did find that Plaintiff did not require the use of two canes to walk. Social Security Ruling 96-9p recognizes

6

Case 3:11-cv-00652-RJC-DSC   Document 21   Filed 09/28/12   Page 6 of 8

that individuals with one cane are still able to carry something in their other hand and recommends that the ALJ consult a vocational resource to decide what impact the limitation might have on an adjustment to work. The ALJ consulted a vocational expert on the issue of whether Plaintiff's use of a cane affected her working capacity. (Doc. No. 9-2 at 65-66). The expert testified that Plaintiff's use of a cane would not limit her working capacity. (Id.).

The ALJ's decision was supported by substantial evidence on this point and he sufficiently investigated and addressed Plaintiff's limitations.

D. Obesity

Plaintiff argues that the ALJ inadequately considered her obesity in determining her work capacity and erred in failing to find it to be a severe impairment. The ALJ explicitly noted that Plaintiff's physicians found her to be obese and recommended weight loss. (Doc. No. 9-2 at 28-29). Further, the ALJ noted that obesity may limit an individual's ability to sustain activity and stated that he took her obesity into account. (Id.). Plaintiff faults the ALJ for not referring to a letter from Dr. Dunaway that noted that Plaintiff should be encouraged to lose weight in order to help her knees. (Doc. No. 14 at 19). This comment mirrors the ALJ's acknowledgment that Plaintiff's "physicians determined that she was obese and advised her to lose weight." (Doc. No. 9-2 at 28-29). The ALJ adequately considered Plaintiff's obesity and substantial evidence supports his decision that it is not a severe impairment.

E. Plaintiff's Testimony

Finally, Plaintiff complains that the ALJ did not give her testimony sufficient weight. The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not particularly credible to the extent they are inconsistent with the above residual functional capacity assessment." (Doc. No. 9-2 at 24). Plaintiff complains that

7

such "boiler plate" analysis of her credibility is insufficient to sustain a credibility finding. Plaintiff ignores the ALJ's discussion of exactly what testimony he finds credible and which testimony he finds unbelievable. (Doc. No. 9-2 at 24). Moreover, Plaintiff ignores the more detailed analysis the ALJ provided next to explain exactly why he discredited Plaintiff's testimony. (Id. at 24-28). The ALJ did not credit certain portions of Plaintiff's testimony because it was contradicted by the treatment notes, her daily activities, and her failure to seek treatment for the problem she now describes. (Id.). The ALJ followed the Fourth Circuit's two-step process for evaluating a claimant's credibility. See Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The ALJ adequately explained his position on Plaintiff's credibility.

## IV. CONCLUSION

After a de novo review of the Magistrate Judge's M&R, the Court agrees with the Magistrate Judge, **ADOPTS** the M&R, **GRANTS** Defendant's Motion for Summary Judgment, (Doc. No. 16), and **DENIES** Plaintiff's Motion for Summary Judgment, (Doc. No. 13).

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 18), is **ADOPTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 16), is **GRANTED**; and
3. Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**.

Signed: September 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge